UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10633 CAS (CWx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MARVIN E. LINARES & ANA R. LINARES v. FIRST MORTGAGE CORP., HACIENDA SERVICES CORP., QUALITY LOAN SERVICE CORP., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Marvin Linares, Pro Se<br>Ana Linares, Pro Se | Melissa Coutts |

**Proceedings:**   **DEFENDANT'S MOTION TO DISMISS** (filed 12/29/2011)

## I.   INTRODUCTION & BACKGROUND

Plaintiffs Marvin E. Linares and Ana R. Linares borrowed $220,924.00 on August 14, 2009, from First Mortgage Corporation ("First Mortgage"), and in connection therewith, executed a promissory note to purchase a single family residence located at 1134 W. 61st Street, Los Angeles, CA 90044.  Compl., Ex. C.  The loan was secured by a Deed of Trust held by Hacienda Service Corporation ("Hacienda") as the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.  Id. Plaintiffs defaulted on their obligations under the agreement, and Quality Loan Service Corporation ("Quality"), as agent for MERS, initiated foreclosure proceedings.  Compl., Ex. A.  Exhibit A indicates that plaintiffs owed past due payments in the amount of $16,317.41.  Id.  On March 21, 2011, Quality issued a Notice of Trustee's Sale of the property.  Compl., Ex. B.  The sale has not yet occurred.

On November 4, 2011, plaintiffs filed this action in the Los Angeles County Superior Court, against defendants First Mortgage, Hacienda, Quality, and MERS (collectively, "defendants") asserting 29 different claims.  Plaintiffs' federal claims are for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601; the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. §2601; and the Fair Credit Reporting Act/Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. 1681.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10633 CAS (CWx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MARVIN E. LINARES & ANA R. LINARES v. FIRST MORTGAGE CORP., HACIENDA SERVICES CORP., QUALITY LOAN SERVICE CORP., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. | | |

On December 22, 2011, defendants timely removed the action to this Court, asserting federal question jurisdiction pursuant to 28 U.S.C. §1447.

Defendants filed a motion to dismiss on December 29, 2011, seeking to dismiss plaintiffs' complaint in its entirety. Dkt. No. 4. Plaintiffs filed their opposition on January 9, 2012. Dkt. No. 8. Defendants' motion is presently before the Court.

**II.   LEGAL STANDARD**

   **A. Motion to Dismiss, Fed. R. Civ. P. 12(b)(6)**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10633 CAS (CWx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MARVIN E. LINARES & ANA R. LINARES v. FIRST MORTGAGE CORP., HACIENDA SERVICES CORP., QUALITY LOAN SERVICE CORP., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. | | |

Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.  DISCUSSION

The Court first addresses plaintiffs' federal claims alleged under TILA, RESPA, and FACTA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10633 CAS (CWx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MARVIN E. LINARES & ANA R. LINARES v. FIRST MORTGAGE CORP., HACIENDA SERVICES CORP., QUALITY LOAN SERVICE CORP., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. | | |

A.   **Plaintiffs' Fifth, Ninth, and Twelfth Claims: TILA Violations**

Plaintiffs allege that defendants failed to provide certain material disclosures regarding their loan in violation of TILA.  Compl. ¶¶ 133–44, 161–66, 174–78.  As a result, they claim damages and a right to rescind the loan.  Id.

1.   **Damages under TILA**

The Court finds that plaintiffs do not allege a valid claim for damages under TILA.  Individual actions for damages under TILA must be filed within one year of the date of the occurrence of the alleged violation.  15 U.S.C. §1640(e).  Ordinarily, any failure to disclose necessary information occurs, if at all, at the time the loan documents are signed.  Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003).  Here, plaintiffs signed their loan documents on August 14, 2009.  Plaintiffs filed their complaint in the Superior Court on November 4, 2011.  More than two years passed between the time when plaintiffs signed the loan documents and the time when they filed their complaint.  Therefore, the Court finds that the claim would be time-barred, unless equitable tolling applies.

Plaintiffs contend that the limitations period should be tolled because defendants failed to "really sit down and explain" the loan documents to them and failed to provide the disclosures required under TILA including that the initial payment structure was only temporary.  Compl. ¶¶ 136–37.  Plaintiffs also argue that equitable tolling is appropriate due to their lack of familiarity with English, which prevented them from fully understanding the loan documents.  Id.; Opp'n at 20–21.

The Ninth Circuit has held that equitable tolling of claims for damages under TILA may be appropriate "in certain circumstances," and can operate to "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  King v. Cal., 784 F.2d 910, 914-15 (9th Cir. 1986).  District courts have discretion to evaluate specific claims of fraudulent concealment and equitable tolling and "to adjust the limitations period accordingly."  Id. at 915.  "Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it 'is not generally amenable to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10633 CAS (CWx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MARVIN E. LINARES & ANA R. LINARES v. FIRST MORTGAGE CORP., HACIENDA SERVICES CORP., QUALITY LOAN SERVICE CORP., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. | | |

resolution on a Rule 12(b)(6) motion.'" Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995). However, when a plaintiff does not allege any facts demonstrating that he or she could not have discovered the alleged violations by exercising due diligence, dismissal may be appropriate. See Meyer, 342 F.3d at 902–03 (declining to apply equitable tolling to TILA claim where plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged violations).

The Court finds that plaintiffs have failed to plead sufficient facts to demonstrate that they could not have discovered the alleged violations by exercising due diligence, and therefore that plaintiffs are not entitled to equitable tolling of their TILA damages claim. The facts that plaintiffs speak little English and did not fully understand the loan documents were known to plaintiffs when they entered into the loan transaction. Courts in the Ninth Circuit have held that equitable tolling is inappropriate under similar circumstances. See Akhavein v. Argent Mortg. Co., No. 5:09-CV-00634 RMW, 2009 WL 2157522, *3 (N.D. Cal. July 18, 2009) (finding that even though plaintiffs alleged that they were not familiar with mortgage transactions, English was not their first language, and the disclosures were unclear, plaintiffs failed to sufficiently plead entitlement to equitable tolling since they did not provide facts suggesting they could not have discovered the TILA violations through due diligence); see also Suguri v. Wells Fargo Bank, N.A., No. CV 09-1828 PSG, 2009 WL 2486546, *3 (C.D. Cal. Aug. 7, 2009) (granting dismissal under similar circumstances). Thus, this claim is barred by the two-year statute of limitations. Accordingly, the Court DISMISSES plaintiffs' claim for damages under TILA without prejudice.

### 2. Rescission under TILA

The Court finds that plaintiffs do not have a valid claim for rescission under TILA. Under TILA's implementing regulation, 12 C.F.R. §226.23, borrowers have a right to rescind credit transactions in which a security interest is or will be retained or acquired in a borrower's principal dwelling. 12 C.F.R. §226.23(a). However, the right to rescind does not apply to a "residential mortgage transaction," which is defined as a transaction in which a mortgage, deed of trust, purchase money security interest arising under an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10633 CAS (CWx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MARVIN E. LINARES & ANA R. LINARES v. FIRST MORTGAGE CORP., HACIENDA SERVICES CORP., QUALITY LOAN SERVICE CORP., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. | | |

installment contract, or equivalent consensual security interest is created or retained against the consumer's dwelling in the acquisition or initial construction of that dwelling. 12 C.F.R. §226.23(f)(1); 15 U.S.C. §1602(w).  Here, plaintiffs' loan was used to finance the purchase of their single family residence.  Therefore, this case involves a residential mortgage transaction exempt from the right to rescind under TILA.  See Sitanggang v. Countrywide Home Loans, Inc., 419 Fed. Appx. 756, 757 (9th Cir. 2011) (affirming the district court's decision to dismiss plaintiff's TILA claim for rescission because the loan used to acquire plaintiff's property qualified as a "residential mortgage transaction"); see also, Cho v. Wells Fargo Bank, N.A., No. CV 09-04724 DDP, 2009 WL 3763891, *2 (C.D. Cal. Nov. 2, 2009) (dismissing plaintiff's TILA claim for rescission because the loan used to purchase residential property qualified as a "residential mortgage transaction").  Accordingly, the Court DISMISSES plaintiffs' claim for rescission under TILA with prejudice.

  **B. Plaintiffs' Tenth Claim for Violation of RESPA**

  Plaintiffs allege that defendants failed to provide them with a copy of a settlement statement pursuant to 24 C.F.R. §3500.10, which implements section 2603 of RESPA. Compl. ¶¶ 167–69.  However, there is no private right of action for violations of section 2603 of RESPA.  Martinez v. Wells Fargo Home Mortg., Inc., 598 F.3d 549, 557 (9th Cir. 2010).  Private rights of action under RESPA are only allowed pursuant to the provisions of section 2605, 2607, and 2608.  12 U.S.C. § 2614.  Accordingly, the Court DISMISSES plaintiffs' claim for violation of RESPA without prejudice.

  **C. Plaintiffs' Eleventh Claim for Violation of FACTA**

  Plaintiffs allege that defendants failed to disclose their credit scores used in the approval of the loan, in violation of FACTA.  Compl. ¶¶ 170–73.  Any claim brought under FACTA must be brought within two years after the date of discovery by the plaintiff of the violation that is the basis for such liability.  15 U.S.C.§1681(p).  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  TwoRivers v. Lewis, 174 F.3d 987 (9th Cir. 1999). Ordinarily, a plaintiff knows or has reason to know of a FACTA violation on the date of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10633 CAS (CWx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | MARVIN E. LINARES & ANA R. LINARES v. FIRST MORTGAGE CORP., HACIENDA SERVICES CORP., QUALITY LOAN SERVICE CORP., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. | | |

the loan transaction, because it should be clear on that date whether or not a credit score was disclosed.  See Alda v. SBMC Mortg., No. 11-CV-00678-LHK, 2012 WL 10589, *5 (N.D.Cal. Jan. 3, 2012) (holding that it should be clear on the date of the loan transaction whether or not a credit score was disclosed, and dismissing plaintiff's FACTA claim because plaintiff's loan closed in October 2006, making the claim time-barred as of October 2008); see also, Hawkins v. First Horizon Home Loans, No. S-10-1876 FCD/GGH, 2010 WL 4823808, *7 (E.D.Cal. Nov. 22, 2010).  Here, plaintiffs signed their loan documents on August 14, 2009.  Plaintiffs filed this action on November 4, 2011.  Since more than two years passed from the date the loan documents were signed, this claim is time-barred.  Accordingly, the Court DISMISSES plaintiffs' claim for violation of FACTA without prejudice.

## V.     CONCLUSION

In accordance with the foregoing, the Court hereby DISMISSES plaintiffs' claims for damages under TILA and for violations of RESPA and FACTA without prejudice.  The Court DISMISSES plaintiffs' claim for rescission under TILA with prejudice.  The Court further orders that Quality Loan Service Corp. is hereby restrained and enjoined from conducting the foreclosure sale set to be held on February 8, 2012, for **90 (ninety)** days pending the parties' completion of the Central District's foreclosure mediation program.  In the event that mediation proves unsuccessful, plaintiffs shall have **20 (twenty)** days from the date of completion of the mediation program to file an amended complaint.  Failure to file an amended complaint at that time may result in the dismissal of this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 08 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |